CLAUDE NEON LIGHTS, INC., Plaintiff, *v.* AIR REDUCTION CO., INC., Defendant.

Supreme Court, New York County, April 18, 1928.

**Courts — jurisdiction — complaint states cause of action for sale of rare gases of air for illuminating purposes in alleged violation of defendant's agreement with third party — complaint should not be dismissed since court has jurisdiction of subject of action — fact that claim is made that defendant infringed upon patents acquired by plaintiff, does not oust court of jurisdiction, since claim is merely collateral matter in action.**

The complaint in this action, which, upon examination, appears to state a cause of action for the sale by defendant of rare gases of the air for illuminating purposes, in alleged violation of defendant's agreement with a third party, should not be dismissed on the ground that the court is without jurisdiction; since the complaint charges merely that the defendant violated its contract in disposing of the gases for use in connection with illumination and makes no claim that the defendant has been infringing upon any of plaintiff's patents, and nowhere questions the right of defendant to extract the gases in accordance with patents owned by the defendant.

As a matter of fact, all reference to the patents owned by the plaintiff could be omitted from the complaint without affecting the cause of action asserted therein. The infringement of plaintiff's patents is only incidentally involved and is clearly a collateral matter.

MOTION by defendant under rule 106 of the Rules of Civil Practice, to dismiss complaint on ground that on face thereof it appears that court has not jurisdiction of the subject of the action.

*Merrill, Rogers, Gifford & Woody* [*Charles L. Woody* of counsel], for the plaintiff.

*Shearman & Sterling* [*W. K. Earle* of counsel], for the defendant.

FRANKENTHALER, J.    Defendant moves to dismiss the complaint on the ground that it raises a question of infringement of patents over which the Federal courts exercise exclusive jurisdiction.    An examination of that pleading reveals, however, that the theory of the action is not that defendant has been guilty of patent infringement.    On the contrary, the complaint expressly recognizes that defendant is the lawful owner of the American, Mexican and Cuban patents relating to the extraction of rare gases from the air.    Plaintiff alleges that defendant acquired these patents by assignment from L'Air Liquide under an agreement which recognized the exclusive rights of plaintiff's assignor, Georges Claude, to the use of rare gases produced under the patents for illuminating purposes, and which, in effect, obligated defendant to refrain from selling them for illuminating purposes to any one other than Claude or his assignees.    Plaintiff's grievance, as asserted, is not that defendant manufactured the rare gases — it had the undoubted right to do this under the patents transferred to it — but that the defendant sold the gases to persons who utilized them for illumination with knowledge on the part of the defendant that they were intended to be used for that purpose.    There are allegations, it is true, that the purchasers, in employing the gases for illumination, adopted methods which infringed upon patents acquired by plaintiff through assignment from Claude, who in turn had obtained them from L'Air Liquide, and that defendant, in knowingly selling to these alleged infringers, aided and abetted the infringement of plaintiff's patents.    It is manifest, however, on reading the complaint as a whole, that it is intended to state a cause of action for the sale by defendant of the rare gases of the air for illuminating purposes, in alleged violation of the latter's agreement with L'Air Liquide, and that the infringement of plaintiff's patents by the purchasers is only incidentally involved and a clearly collateral matter.    Indeed, all reference to the patents owned by plaintiff could be omitted from the complaint without affecting the cause of action there asserted.    Plaintiff nowhere complains that defendant has been infringing upon any of its (plaintiff's) patents and nowhere questions the right of defendant to extract the gases in accordance with the patents owned by the

defendant. It charges merely that defendant is violating its (defendant's) contract with L'Air Liquide, in disposing of the gases for use in connection with illumination, and that an injunction should issue protecting its rights as beneficiary of said contract. The motion to dismiss for lack of jurisdiction must, therefore, be denied.   Order signed.